YELVERTON, Judge.
Raymond C. Davis appeals a default judgment rendered against him in a suit on a note. The confirmation of default was taken and the judgment was signed on September 12, 1984. After the judgment the defendant did two things: first, on September 26, 1984, he filed a petition seeking to declare the judgment a nullity on the ground that the defendant was not served with process as required by law; second, on October 25, 1984, he took an appeal from the September 12 judgment. The single issue raised by the appeal is the validity of the service of process.
The alleged defect in the proceedings was the failure of the sheriffs return of domiciliary service to evidence proof that the recipient of the service was of suitable age and discretion.
The sheriffs return in the record, signed by a deputy sheriff of Calcasieu Parish, Louisiana, and presented to the trial judge on confirmation of default, says that on July 10, 1984:
“I served said copies [of the citation and petition] on the within named defendant, Raymond Davis by delivering the same at his dwelling house or usual place of abode in the Parish of Calcasieu, about [unreadable] miles from the Court House of said Parish to Miss Davis (daughter) a person of suitable age and discretion residing therein as a member of his domiciliary establishment, from which at the time of said service, said defendant was temporarily absent: said Raymond Davis name I learned at the time of said service by interrogating Miss Davis.”
LSA-R.S. 13:3471(5) provides in pertinent part that:
“(5) The return of the serving officer on any citation or other legal process is conclusive, unless directly attacked. Such an attack may be made by rule in the action or proceeding, if made prior to judgment. If made after judgment, the return may be attacked only in a direct *227 action to annul the judgment, which may be brought in the original action or proceeding.”
The record shows that defendant’s attack on the service of process was not made until after judgment, at which time he brought a direct action to annul the judgment. By the plain language of the above statute, a direct action to annul the judgment is the only way that the return can be attacked and until that attack is made the sheriffs return is conclusive. The return cannot be attacked for the first time on appeal. The defendant has not raised a valid assignment of error, and the judgment is affirmed at appellant’s costs.
AFFIRMED.